

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 10, 1947

Hon. B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Opinion No. V-138

Re:     Can Hidalgo County leg-
        ally levy a general fund
        tax on property exempted
        by the provisions of
        Section 1-a, Article
        VIII, Constitution of
        Texas

Dear Sir:

You have requested the opinion of this de-
partment as to whether or not the Commissioners' Court
of Hidalgo County is legally authorized to levy a gen-
eral fund tax against property in Hidalgo County which
has been previously omitted from the tax rolls by the
Hidalgo County Tax Assessor-Collector by reason of the
homestead exemption provision contained in Section 1-a,
Article VIII of the Constitution of Texas, (adopted el-
ection August 26, 1933) it being your contention that
such exemption should not have been permitted inasmuch
as Hidalgo County was granted a remission of State ad
valorem taxes for general revenue purposes by virtue of
House Bill 101, Chapter 401, Acts First Called Session,
Forty-fourth Legislature, 1935.

Section 1-a, Article VIII, of the Constitu-
tion of Texas, which was adopted August 26, 1933 is in
part as follows:

"Three Thousand Dollars ($3,000,00)
of the assessed taxable value of all res-
idence homesteads as now defined by law
shall be exempt from all taxation for all
State purposes; provided that this exemp-
tion shall not be applicable to that por-
tion of the State ad valorem taxes levied
for State purposes remitted within those
counties or other political subdivisions
now receiving any remission of State taxes,
until the expiration of such period of re-
mission, . . ." (Emphasis added)

Section 1, Chapter 401, Acts Forty-fourth Legislature, First Called Session, 1935, p. 1594 is as follows:

"Section 1.  That all State ad valorem taxes for general revenue purposes levied or to be levied on the property in Hidalgo County, Texas, for the years 1924 to 1935, both inclusive, including the rolling stock of railroads, be and the same are hereby remitted, released, granted and donated to the inhabitants of and property in Hidalgo County, and to Hidalgo County, Texas."

Chapter 401 became effective October 16, 1935, or more than two years after Section 1-a, Article VIII of the Constitution was adopted and became effective, and hence Hidalgo County does not fall within the classification set forth in the amendment since it was not a county "now receiving any remission of State taxes. . . ."

In a prior opinion of this Department, Opinion No. O-1132, approved August 15, 1939, interpreting Section 1-a of Article VIII, it was held in part as follows:

"From the express wording of the Constitution it clearly appears that a county or other political subdivision is not to be deprived of the homestead exemption, unless at the time of the adoption of said Article 8, Section 1-a, such county or political subdivision was receiving a remission of State taxes.  We have already seen that San Patricio County, as such, was not receiving such a remission.  We are clear in the opinion that so much of that County as lies without the boundaries of the City of Aransas Pass cannot be denied the homestead exemption."

This opinion shall not be construed as passing on the validity of Chapter 401, Acts Forty-fourth Legislature, First Called Session, or any portion thereof.

## SUMMARY

Hidalgo County may not levy a general fund tax on property located therein which has been exempted under the homestead provisions of Section 1-a, Article VIII, Constitution of Texas, since such County was not receiving a remission of State taxes at the time of the adoption of the constitutional amendment.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR/lh/wb

APPROVED APRIL 10, 1947

ATTORNEY GENERAL OF TEXAS